J. A. TALBOT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36191.   Promulgated June 19, 1931.

*George H. Koster*, *Esq.*, and *Claude I. Parker*, *Esq.*, for the petitioner.

*C. H. Curl*, *Esq.*, for the respondent.

OPINION.

McMahon: The question we have here for determination is the amount of loss, if any, which the petitioner is entitled to deduct from his gross income for the year 1923 on account of the sale in that year of a boat in which he owned a one-half interest. The evidence discloses that the cost of the boat and equipment was $24,624.85 and that the selling price was $12,000. In his return the petitioner claimed a deduction of $7,500, but this the respondent disallowed upon the ground that the boat was constructed and used by the petitioner and the other parties in interest for purposes of pleasure.

The Revenue Act of 1921 provides:

Sec. 214. (a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*

That the boat was not constructed for purposes of pleasure is clearly shown by the evidence. It was constructed with the idea of deriving a gain from the sale of it. It is true that from September, 1920, the time the boat was constructed, until March 1, 1923, the date it was sold, the petitioner and the other joint venturers did, to a very limited degree, use the boat for purposes of pleasure, but this, in our opinion, does not change the true character of the undertaking.

It will be noted that section 214 quoted above permits the deduction of two types of losses. It is not contended by the petitioner that the loss was incurred in trade or business and, therefore, deductible under subdivision (4) of section 214 (a). On the contrary petitioner refers to the transaction as a venture, and both petitioner and respondent devote their attention to discussing the question of whether the boat was constructed and used for purposes of pleasure. In any event it seems clear to us that the construction and sale of this boat did not constitute a business of petitioner. So far as the evidence shows, this was the only boat constructed. For a discussion of the distinction between an isolated transaction and a " trade or business," see *Ignaz Schwinn*, 9 B. T. A. 1304.

It seems clear to us that this was a transaction entered into for profit and that any loss which petitioner is entitled to deduct is deductible under the provisions of subdivision (5) of section 214(a).

While the respondent based his disallowance of the claimed deduction upon the ground that the boat was constructed and used for purposes of pleasure, at the hearing it was contended on his behalf that the claimed deduction should not be allowed for the reason that depreciation upon the boat would operate to decrease the amount of the alleged loss. The petitioner, on the other hand, contends that the boat was not depreciable property within the meaning of the Revenue Act of 1921, and that no adjustment should be made on account of depreciation in computing gain or loss upon the sale thereof.

In *Deposit Trust & Savings Bank, Executor*, 11 B. T. A. 706, we held that in determining the gain or loss from the sale of property the basis should not be reduced by depreciation where the taxpayer was not privileged, under the statute, to take depreciation deductions thereon in computing net income during the time the property was held by the taxpayer. See also *W. B. Brooks*, 12 B. T. A. 31. It therefore becomes necessary to determine whether the owners of this boat would have been entitled to depreciation deductions thereon in the computation of net income during the years 1920 to 1923, inclusive, the period during which they owned it.

Section 214(a) of the Revenue Acts of 1918 and 1921 provides that in computing net income there shall be allowed as deductions:

(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence, * * *

This is the only provision in those revenue acts allowing deductions on account of depreciation. Can it be said that this boat was "used" in a trade or business and that petitioner would, therefore, be allowed to take depreciation deductions thereon? We believe not. As pointed out above, the petitioner and his co-adventurers were not engaged in a trade or business within the meaning of the statute. A somewhat analogous situation existed in *Gertrude D. Walker*, 20 B. T. A. 937, in which we stated:

The second question is whether the petitioner is entitled to make a deduction from income on account of depreciation of the premises known as 23 West 54th Street, New York City. This property had been used as a home by petitioner's father and was purchased by her from the trustees. Though probably purchased with the hope of profitable resale, the property was used for no purpose during the taxable years.

To be allowable depreciation must have occurred to property "used in a trade or business." The evidence does not indicate that this property was so used or that, in fact, petitioner was engaged in any trade or business. We must, therefore, disallow the deduction.

See also *Caroline W. B. Atkinson*, 5 B. T. A. 828, and *Tracy V. Buckwalter*, 20 B. T. A. 1005.

It follows that, since the petitioner was not entitled to deductions for depreciation upon the boat during the time it was held in computing the loss sustained upon the sale thereof, the basis should not be reduced on account of depreciation. Petitioner is entitled to a deduction in the amount of $6,312.43.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*